IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID WAYNE FORD | § | |
| | § | |
| v. | § | C.A. NO. C-08-330 |
| | § | |
| JACOB GARZA, ET AL. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION

This case was filed as a civil rights action by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging excessive force against certain correctional officers are retained, and service ordered on these defendants. Plaintiff's claims against Officer Rosemary Sifuentes and City Marshal Elisio Zuniga are dismissed for failure to state a claim pursuant to 28 U.S.C. § § 1915(e)(2)(B), 1915A(B)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 9), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment, (D.E. 11).  See 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff filed this lawsuit on October 6, 2008, alleging that defendants used excessive force against him during an arrest and initial interrogation and detention in Corpus Christi, Texas.  (D.E. 1).  Plaintiff named as defendants several law enforcement officers employed by the City of Corpus Christi: (1) Officer Jacob Garza; (2) Officer Juan Reyes; (3) Officer Roland Arias; (4) Officer Frank Bautista; (5) Officer Rosemary Sifuentes; (6) Officer Rafael Ramirez; and (7) Elisio Zuniga, City Marshal.  Id.

A Spears[1] hearing was held on November 5, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

On or about October 7, 2006, plaintiff was arrested and charged with public intoxication in Corpus Christi.  He was handcuffed and "hog tied" with a nylon strap around his ankles, and then taken by patrol car to the City Detention Center.  Once at the Detention Center, instead of taking the strap off his ankles and letting him walk in, Officer Ramirez dragged him along the pavement.  Once inside the Detention Center, Officer Ramirez continued to drag him around by the nylon strap.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Thereafter, defendants attempted to coerce plaintiff to sign the arrest papers in the name of "Charles Teague," rather than his own name "David Ford." When plaintiff refused, Officer Jacob Garza and Officer Juan Reyes slammed plaintiff's face into the concrete floor knocking him unconscious for thirteen minutes.[2] While he was unconscious, Officer Rosemary Sifuentes retrieved handcuffs, shackles, and white tape to place over plaintiff's mouth, and gave them to Officer Garza. Officer Frank Bautista twisted plaintiff's arm and "roughed him up" while placing him in the handcuffs and shackles. Plaintiff was then revived using an ammonia inhalant. His blood-stained clothes were thrown away. Plaintiff was washed down, given paper shorts, and placed in a cell in the back of the Detention Center with no video camera.

Later, Officer Garza entered plaintiff's backroom cell and struck him in the head with a telephone receiver, again knocking him unconscious. Officer Garza returned again and hit plaintiff in the face several times, and ordered him to sign "Charles Teague" on the arrest papers. When plaintiff began to get up from the floor, Officer Garza grabbed him by the hair and pushed his face into the toilet bowl saying, "You piece of sh-t, this is where sh-t belongs." Officer Arias then entered the cell and assisted Officer Garza with again handcuffing and shackling plaintiff. Both officers continued to kick and punch him.

Thereafter, paramedics were called to tend to plaintiff's injuries, which included two black-eyes and a displaced shoulder. He was then taken to the Nueces County Jail where he was placed on suicide watch. Plaintiff was eventually transferred to the Garza Transfer Unit in Beeville, Texas. X-rays taken in prison revealed that his shoulder was out of its socket.

---

[2] Plaintiff testified that he knew he was unconscious for thirteen minutes because he was able to view the Detention Center's video surveillance tape. Moreover, it was from his viewing of the tape that he was able to observe the actions of Officer Bautista and Officer Sifuentes.

Plaintiff was charged with assault, and later convicted of the offense. He was never prosecuted for public intoxication.

Plaintiff now suffers from a head injury and he is assigned to the Veterans Administration Clinic in Austin receiving treatment. For relief, plaintiff is seeking "sanctions" against each officer involved. He also seeks compensatory damages for loss of wages for time served in the Texas prison system on the assault charges, and punitive damages.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.      Plaintiff's Claim For Excessive Force.**

Plaintiff asserts that defendants used excessive force during his arrest and detention, and in attempting to force him to sign the wrong name on the arrest papers.[3]  In particular, he claims that Officer Ramirez used excessive force when he dragged him by the ankle strap into and around the Detention Center.  He claims that Officer Garza, Officer Reyes, and Officer Arias hit, punched, and kicked him without justification.  He claims that Officer Bautista injured his shoulder while he was unconscious, and that Officer Sifuentes participated in the excessive force by providing the handcuffs, shackles, and white tape.  He claims that City Marshal Zuniga is responsible for the actions of the officers at the Detention Center.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis*, but not necessarily significant.  See Hudson v. McMillian, 503 U.S. 1, 6-7, 10, (1992) (stating that a claimant must show officials applied force maliciously and sadistically for the very purpose of causing harm); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The factors to be considered are "1. the extent of the injury suffered; 2. the need for application of force; 3. the relationship between that need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response."  Gomez, 163 F.3d at 923.

---

[3] Plaintiff testified that, when he was arrested, he had in his possession the driver's license of a "Charles Teague."  He claims that defendants wanted him to sign the wrong name on his arrest papers so that he could also be prosecuted for using someone's identity.

Plaintiff has alleged sufficient facts to state a claim of excessive force against Officer Ramirez, Officer Garza, Officer Reyes, Officer Arias, and Officer Bautista. Taking plaintiff's allegations as true, these officers used force even when plaintiff was shackled or unconscious, such that, on its face, the force appears excessive. Moreover, plaintiff testified that he sustained serious injuries for which he is still receiving medical treatment. Accordingly, plaintiff's Eighth Amendment claims against these defendants are retained, and service will be ordered.

As to defendant Officer Sifuentes, plaintiff claims that she was present when Officer Garza and Officer Reyes slammed him into the floor, and that she "assisted" in the force by bringing shackles, handcuffs, and tape to Officer Garza. However, plaintiff admitted that Officer Sifuentes never physically touched him. To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff's allegations against Officer Sifuentes fall short of stating a constitutional violation because, although she was present, she did not personally participate in the violation of his constitutional rights. Thus, plaintiff's claims against Officer Sifuentes are dismissed for failure to state a claim.

Similarly, plaintiff argues that City Marshal Zuniga is liable for his injuries because he was in charge of the Detention Center. However, § 1983 does not create supervisory or *respondeat superior* liability. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196,

200 (5th Cir. 1999)).  Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury.  <u>Oliver</u>, 276 F.3d at 742; <u>Thompkins v. Belt</u>, 828 F.2d 298, 303-04 (5th Cir. 1997).  Plaintiff makes no allegations against City Marshal Zuniga that he either was personally involved in the excessive force, or that he instituted an unconstitutional policy.  Accordingly, considering the facts in the light most favorable to plaintiff, he still fails to state a claim against City Marshal Zuniga, and therefore, his claim against this defendant is dismissed.

### IV.  CONCLUSION

Accordingly, it is therefore ORDERED that:

(1)    Plaintiff's excessive force claim against officers Rafael Ramirez, Jacob Garza, Juan Reyes, Roland Arias, and Frank Bautista are retained on the Court's docket, and service ordered on these defendants.

(2)    Plaintiff's claims against Officer Rosemary Sifuentes and City Marshal Elisio Zuniga are dismissed for failure to state a claim.

SIGNED this 21st day of November 2008.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE