IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID WAYNE FORD                      §
                                      §
v.                                    §            C.A. NO. C-08-330
                                      §
JACOB GARZA, ET AL.                   §

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging

that he was subjected to excessive force during his arrest and pre-trial detention.  (D.E. 1).  Pending

is his motion for appointment of counsel.  (D.E. 30).

No constitutional right to appointment of counsel exists in civil rights cases.  See Baranowski

v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994)

(per curiam).  A district court is not required to appoint counsel unless "'exceptional

circumstances'" exist.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas

Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).  The Fifth Circuit has enunciated

several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is
> capable of adequately presenting his case; (3) whether the indigent is
> in a position to investigate adequately the case; and (4) whether the
> evidence will consist in large part of conflicting testimony so as to
> require skill in the presentation of evidence.  The court should also
> consider whether appointed counsel would aid in the efficient and
> equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord

Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that

appointment of counsel is not warranted at this time.  Regarding the first factor, plaintiff's civil rights claims do not present any complexities that are unusual in excessive force actions.  The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.  The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

Plaintiff argues that he needs counsel to assist him in responding to defendants' interrogatories.  (D.E. 30, at 1-2).  Although copies of the request for interrogatories have not been filed with the Court, any answers must come from knowledge and information that plaintiff has.  If plaintiff believes that the request for interrogatories is unduly burdensome, then he may file a motion for a protective order.  See Fed. R. Civ. P. 26(c).

Additionally, he asserts that he needs appointed counsel because of his medical condition, including medications that he takes.  (D.E. 30, at 1-2).  Here, plaintiff has not provided any proof regarding his medical condition.  Moreover, he has been able to explain his excessive force claim in a clear and coherent manner such that an order for service of process was entered against five defendants.

For the foregoing reasons, plaintiff's motion for appointed counsel, (D.E. 30), is DENIED without prejudice.

ORDERED this 1st day of June 2009.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE